UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONY CHAUVIN | CIVIL ACTION |
| VERSUS | NO. 13-5781 |
| NATIONAL GYPSUM SERVICE<br>STATE OF LOUISIANA, ET AL | SECTION "N" (4) |

**ORDER AND REASONS**

Before the Court is the Defendant's Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 9). The plaintiff has filed an opposition memorandum, the defendant has filed a reply, and the plaintiff has filed a sur-reply. Rec. Docs. 13, 17, 21.

**I.    BACKGROUND:**

The plaintiff, Tony Chauvin, brings this action against his former employer, seeking damages for alleged age discrimination, violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), and violation of Louisiana's Whistleblower Protection Statute. Plaintiff alleges that he was wrongfully terminated on December 19, 2012, from his position as foreman in defendant's Westwego sheet-rock plant, where he had worked for nearly twenty-five (25) years. Although the proffered reason for termination is not expressly stated in the Complaint, plaintiff's sur-reply memorandum states that he was terminated based on "false allegations of sexual harassment."[1]  Rec. Doc. 21 at 2.

---

[1] Plaintiff alleges that at "an administrative hearing by the Louisiana Workforce Commission...it was concluded that National Gypsum failed to meet its burden of proof that Mr. Chauvin was terminated in violation of the company's sexual harassment policy by making unwelcomed sexual comments to another employee." Rec. Doc. 1 at ¶ 30.

**II.     LAW AND ANALYSIS:**

    **A.     Standard for Dismissal Pursuant to Rule 12(b)(1) and (6):**

The Federal Rules provide that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This pleading standard "does not require 'detailed factual allegations.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A claim does not have plausibility if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

Although the Court must accept all factual allegations as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Indeed, a complaint cannot survive a Rule 12(b)(6) motion with mere "labels and conclusions," "[t]hreadbare recitals of the elements," "an unadorned, the-defendant-unlawfully-harmed-me accusation," or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  Thus,

the Court's task is to look beyond any such conclusory assertions to the factual "nub" of the complaint — "the well-pleaded, nonconclusory factual allegation[s]" — and determine whether these factual allegations, taken as a whole, state a facially plausible claim to relief. *Iqbal*,556 U.S. at 680; *Twombly*, 550 U.S. at 564-65.

The defendant, New NGC, Inc. d/b/a National Gypsum Company ("New NGC"), has moved for dismissal on grounds that plaintiff has failed to state a claim for relief that is facially plausible under any theory, including (1) age discrimination, (2) retaliation, (3) violation of ERISA, or (4) violation of Louisiana's Whistleblower Protection Statute.

**1.     Age Discrimination:**

To make out a claim for discriminatory treatment based on age, the plaintiff must allege that he: "1) suffered an adverse employment action; 2) was qualified for the position; 3) was within the protected class when the adverse action occurred; and, 4) was replaced by someone younger or outside the protected class, treated less favorably than a similarly situated younger employee, or otherwise discharged because of his age."[2] *Maestas v. Apple, Inc.*, 2013 WL 5385478 *3 (5th Cir. Sept. 27, 2013) (citing *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003)); *Leal v. McHugh,* 731 F.3d 405, 410-411 (5th Cir. 2013).

---

[2] "Because Louisiana's age discrimination statute [La. Rev. Stat. § 23:312] is nearly identical to the federal statute prohibiting age discrimination [the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq*.], Louisiana courts have traditionally used federal case law for guidance." *Montgomery v. C & C Self Enterprises, Inc., 62* So.3d 279, 281 (La. Ct. App. 3rd Cir. 2011) (citing *LaBove v. Raftery*, 802 So.2d 566 (La. 2001)). Thus, the essential elements of the claim are the same. *See LaBove*, 802 So. 2d at 573.

Nowhere in his complaint does the plaintiff allege that he was replaced by someone younger or outside the protected class, that he was treated less favorably than a younger, similarly situated employee, or that he was otherwise discharged because of his age. Although the Complaint states obliquely that "[s]ometime in 2005, Mr. Chauvin's employment...was subjected to age discrimination" and "treated differently from other similarly situated employees,"[3] this is a legal conclusion that is given no weight in determining whether the plaintiff has stated a claim. *Iqbal*, 556 U.S. at 678.

Looking to the well-pled factual content of the Complaint, the Court finds that it is devoid of any facts that would satisfy the lacking fourth element. Indeed, other than the plaintiff's age (57), it fails to list a single fact that even hints at discriminatory treatment based on age. Specifically, plaintiff alleges that his first and second level supervisors refused to grant plaintiff's request for time off to evacuate his two minor children for a hurricane, forcing plaintiff to seek permission from the Regional Manager. Rec. Doc. 1 at ¶¶ 12-15. Plaintiff alleges that after this incident, the Plant Manager expressed his dislike in plaintiff contacting the Regional Manager, and plaintiff became subject to a "retaliatory hostile work environment," whereby his authority as a supervisor was "undermined and disregarded" and he was forced to accept insubordination on a daily basis with no back up from upper management. Rec. Doc. 1 at ¶¶ 16-18, 20. In particular, plaintiff alleges that (1) his first level supervisor took no action when he reported observing an employee stealing sheet-rock board; (2) his subordinates would say things such as "You better watch out, I hear your job is limited here;" (3) plaintiff was

---

[3] Rec. Doc. 1 at ¶ 11.

reprimanded and suspended for two days for allegedly yelling at and embarrassing an employee in the context of questioning the employee about being intoxicated at work; whereas no action was taken against the employee who was allegedly intoxicated and left work without permission, and whereas "other employees"[4] who had engaged in threatening, aggressive, or hostile behavior on a regular basis were never reprimanded; and (4) plaintiff's first and second level supervisors wrongly accused him of sexual harassment against another employee without conducting a thorough investigation as was required pursuant to the company's harassment policy.  Rec. Doc. 1 at ¶¶ 18-29.  None of these facts support a reasonable inference that the plaintiff was replaced by someone younger, treated less favorably than a similarly situated younger employee, or otherwise discharged because of his age.

  In his opposition and sur-reply memoranda, plaintiff argues that he has stated a claim for age discrimination "because he was discharged, at age 57, from a position in which he was qualified as evident through his unsolicited promotion and subsequent high levels of production."  Rec. Doc. 21 at 1; Rec. Doc. 13 at 5.  These alleged facts, however, establish only the second and third elements of the claim.  As to the missing fourth element, they do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  They "do not permit the court to infer more than the mere possibility" that the plaintiff was replaced by someone younger or outside the protected class, was treated less favorably than a younger, similarly situated employee, or was otherwise discharged because of his age.  *Iqbal*, 556 U.S. at 679.

---

[4] These "other employees" are not identified by name or age.

If the first three elements alone were sufficient to make out a plausible claim for age discrimination, then a viable claim would exist any time a qualified person over forty suffered an adverse employment action. Such is not the law. Accordingly, the Complaint fails to state a claim for age discrimination that is plausible on its face, and the Court need not address the defendant's additional arguments that plaintiff's age discrimination claims are also untimely and procedurally barred for failure to exhaust administrative remedies.

### 2. **Retaliation:**

Although the Complaint contains several references to "retaliatory" treatment, it does not expressly assert a cause of action for retaliation under the ADEA or any other state or federal employment discrimination law. Defendant argues that, to the extent the plaintiff intended to assert such a claim, he has failed. The Court agrees. To make out a claim of retaliation under the ADEA or any of the various federal employment discrimination statutes, a plaintiff must establish: (1) that he or she "engaged in a protected activity pursuant to one of the statutes," (2) that "an adverse employment action occurred," and (3) that "there exists a causal link connecting the protected activity to the adverse employment action." *Munoz v. Seton Healthcare, Inc.*, 2014 WL 701509 (5th Cir. Feb. 18, 2014) (citing *Holtzclaw v. DSC Communications Corp.*, 255 F.3d 254, 259 (5th Cir. 2001)).[5] Plaintiff fails to allege any facts that would support a reasonable inference that he engaged in any protected activity pursuant to any discrimination statute or that

---

[5] The same elements are required to establish retaliation under Louisiana law. *See e.g., Burnett v. East Baton Rouge Parish School Bd.,* 99 So. 3d 54, 59-60 (La. Ct. App. 1st Cir.), *writ denied*, 98 So. 3d 342 (La. 2012).

there exists any causal link between any protected activity and the adverse employment actions alleged.[6] Plaintiff alleges that he "became subject to a retaliatory hostile work environment after" he reported to the Regional Manager the "unreasonable treatment" by his first and second level supervisors in 2005, when he sought time off to evacuate his family. Rec. Doc. 1 at ¶¶ 15-17. Although plaintiff allegedly reported to the Regional Manager that his supervisors' treatment of him was "unreasonable" (as he had sole custody of two minor children and had other employees who were willing to work in his place), he does not claim to have complained or reported that any adverse treatment was based on his age (he would have been approximately 49 or 50 years old at the time)[7] or was otherwise unlawful under the ADEA or any other employment law. Nor does the Complaint allege any other facts that might be construed as protected activity. In his opposition, plaintiff proffers that he engaged in protected activity when he reported to his supervisor an employee who was allegedly intoxicated on the job. Rec. Doc. 13 at 7. As such reporting had nothing to do with opposing or complaining about employment discrimination under the ADEA or any other statute, it cannot constitute protected activity for purposes of establishing a retaliation claim.

---

[6] The ADEA, like other employment discrimination statutes, makes it unlawful for an employer to discriminate against any of his employees because such individual "has opposed any practice made unlawful" by the act or "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation" under the act. 29 U.S.C.A. § 623(d).

[7] Plaintiff was allegedly 57 years old at the time suit was filed on September 9, 2013. *See* Rec. Doc. 1 at ¶ 7.

Accordingly, the Court finds that the plaintiff has failed to state a claim for retaliation that is plausible on its face and, therefore, need not address the defendant's additional arguments that plaintiff's retaliation claims are also untimely and procedurally barred for failure to exhaust administrative remedies.

3. **ERISA:**

Section 510 of ERISA makes it "unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan...or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140. To make out a cause of action under this section, a plaintiff must allege "that his employer fired him in retaliation for exercising an ERISA right or to prevent attainment of benefits to which he would have become entitled under an employee benefit plan." *Holtzclaw,* 255 F.3d at 261; *Hinojosa v. Jostens Inc*., 128 Fed. App'x 364, 368 (5th Cir. 2005). To trigger liability under section 510, the employer must have "terminated the employee with the 'specific intent' to interfere with the employee's ERISA rights or to otherwise retaliate against the employee for exercising her rights under the ERISA plan." *Oatman v. Fuji Photo Film USA, Inc*., 54 Fed. App'x 413 (5th Cir. 2002) (emphasis added); *see also Matassarin v. Lynch,* 174 F.3d 549, 569 (5th Cir. 1999) ("A violation of § 510 requires specific intent to discriminate."); *Hinojosa*, 128 Fed. App'x at 368 (citing *Holtzclaw,* 255 F.3d at 261). The plaintiff need not show "that the discriminatory reason was the only reason for discharge." *Holtzclaw,* 255 F.3d at 261. However, the mere fact that an employee loses benefits as a result of a discharge is not

sufficient to establish the requisite intent for a § 510 claim.  *Id.*; *see also Rodriguez v. Mrs. Baird's Bakery*, 111 F.3d 893 (5th Cir. 1997); *Clark v. Resistoflex Co.*, 854 F.2d 762, 771 (5th Cir.1988).

Here, plaintiff alleges only that he is 57 years old and that he "would have been eligible for full retirement at age 65." Rec. Doc. 1 at ¶ 7.  He also asserts the legal conclusion that defendant's conduct "constitutes interference with rights provided in ERISA discrimination [sic]", in violation of section 510.  Rec. Doc. 1 at ¶ 38.  Plaintiff does not specify with which rights the defendant intended to interfere.  And while he asserts conclusorily that the "stated reasons for National Gypsum's conduct...were pretext to hide National Gypsum's discriminatory animus,"[8] he does not allege that the defendant took any of the actions described with a specific intent to interfere with plaintiff's ERISA rights.  Nor does he assert any well-pled factual allegations that would support a reasonable inference of such a specific intent.

As with his age discrimination claim, the plaintiff's argues that he has articulated a plausible section 510 claim by virtue of his good performance record and the fact that he was not fired until he grew "close to" (eight years from) retirement. Rec. Doc. 13 at 8.  Such facts, however, do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  They "do not permit the court to infer more than the mere possibility" that the defendant fired the plaintiff with a specific intent to interfere with plaintiff's rights under an employee benefit

---

[8]  Rec. Doc. 1 at ¶ 38, p. 9 of 13.

plan. *Iqbal*, 556 U.S. at 679. Thus, the plaintiff has failed to state a claim for a violation of ERISA that is plausible on its face.

### 4. Louisiana's Whistleblower Statute:

Louisiana's Whistleblower Statute makes it unlawful for an employer to "take reprisal against an employee who in good faith, and after advising the employer of the violation of law: (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law[;]

(2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law[; or] (3) Objects to or refuses to participate in an employment act or practice that is in violation of law." La. Rev. Stat. § 23:967(A). This statute "only offers protection to a specific class of employees: those employees who face 'reprisals' from their employers based solely upon an employee's knowledge of an illegal workplace practice and his refusal to participate in the practice or intention to report it." *Hale v. Touro Infirmary,* 886 So. 2d 1210, 1215 (La. Ct. App. 2004), *writ denied*, 896 So. 2d 1036 (La. 2005). Thus, in order to make out a claim under this statute, the plaintiff must establish: (1) that the defendant "violated the law through a prohibited workplace act or practice"; (2) that the plaintiff "advised [the defendant] of the violation"; (3) that the plaintiff "then refused to participate in the prohibited practice or threatened to disclose the practice"; and (4) that the plaintiff "was fired as a result of h[is] refusal to participate in the unlawful practice or threat to disclose the practice." *Id.* at 1216; *Diaz v. Superior Energy Services LLC,* 341 Fed. App'x 26, 28 (5th Cir. 2009).

Other than a conclusory statement that defendant's conduct "constitutes retaliation based on Louisiana Revised Statute 23:967" and that the stated reasons for defendant's conduct "were pretext to hide [its] retaliatory animus,"[9] plaintiff has alleged no facts tending to establish any of the necessary elements of a claim under section 23:967.  In response to the motion, the plaintiff argues that the requisite whistleblowing occurred when he reported to his supervisor that he had observed an employee stealing sheet-rock board.  Rec. Doc. 13 at 9.  Plaintiff's only allegations regarding this incident are as follows:

> 18. As a result [of contacting the Regional Manager in 2005], his authority as a supervisor was undermined and disregarded.  For example, Mr. Chauvin observed an employee stealing sheetrock board.  Mr. Chauvin told the employee that there were [sic] to be no stealing on his shift.  The employee disregarded Mr. Chauvin's authority.
>
> 19. When Mr. Chauvin reported this incident to his first level supervisor, he told him, "I'll look into it and get back to you."  The supervisor never got back with Mr. Chauvin and no corrective action was ever taken regarding this matter.

Rec. Doc. 1 at ¶¶ 17-18.  These facts do not make out a claim under section 23:967.  The Court need not decide whether an alleged theft of employer property by an employee subordinate to the plaintiff constitutes an unlawful workplace act or practice for purposes of supporting a claim under section 23:967.[10]  Even if it does, the plaintiff does not allege that he threatened to

---

[9] Rec. Doc. 1 at p. 11-12 of 13.

[10] The jurisprudence suggests that it must have been the employer who "violated the law through a prohibited workplace act or practice."  *Hale,* 886 So. 2d at 1216; *Diaz v. Superior Energy Services LLC,* 341 Fed. App'x 26, 28 (5th Cir. 2009).  Here, the employer is the victim of the alleged crime.

11

disclose the alleged theft to any authority or that he suffered any reprisals because of his actions in regard to the alleged theft.  *Hale,* 886 So. 2d at 1216; *Diaz*, 341 Fed. App'x at 28.  Thus, the plaintiff has failed to state a claim under section 23:967 that is plausible on its face, and the Court need not address the defendant's additional arguments that this claim is also untimely.

     5.    **Leave to Amend:**

The Court will give the plaintiff an opportunity to amend his complaint to state a viable claim.  However, he should seek to do so only if he can in good faith present new allegations of <u>fact</u> that will cure the deficiencies outlined herein.  Legal conclusions "couched as...factual allegation[s]," "[t]hreadbare recitals of the elements," and "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

**III.**    **CONCLUSION:**

For the foregoing reasons; accordingly;

**IT IS ORDERED** that Defendant's Rule 12(b)(6) Motion to Dismiss **(Rec. Doc. 9)** is hereby **GRANTED**, and the plaintiff's claims are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the plaintiff shall have twenty (20) days in which to file an amended complaint.

New Orleans, Louisiana, this 13th day of March, 2014.

                                            **KURT D. ENGELHARDT**
                                            **UNITED STATES DISTRICT JUDGE**