UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TONY CHAUVIN                                                     CIVIL ACTION

VERSUS                                                          NO. 13-5781

NATIONAL GYPSUM SERVICE                                         SECTION "N" (4)
STATE OF LOUISIANA, ET AL

## ORDER AND REASONS

Before the Court is the plaintiff's Motion for Reconsideration (Rec. Doc. 32), seeking

reconsideration of this Court's Order and Reasons of June 13, 2014 (Rec. Doc. 29), wherein the

Court granted the defendant's second motion to dismiss (Rec. Doc. 27) in light of the plaintiff's

failure to timely file an opposition.  The defendant has filed an opposition memorandum (Rec.

Doc. 36), and the plaintiff has filed a reply memorandum (Rec. Doc. 40).  The plaintiff has also

filed an opposition to the defendant's motion to dismiss.  Rec. Doc. 35.

## I.     BACKGROUND:

The plaintiff, Tony Chauvin, brings this suit against his former employer, National

Gypsum Company, alleging that he was wrongfully terminated on December 19, 2012, from his

position as foreman in the defendant's Westwego sheet-rock plant, where he had worked for

nearly twenty-five (25) years.   In his original complaint, the plaintiff sought damages for alleged

age discrimination, violation of the Employee Retirement Income Security Act of 1974

("ERISA"), and violation of Louisiana's Whistleblower Protection Statute.  Rec. Doc. 1.   On

March 13, 2014, the Court granted the defendant's motion to dismiss, finding that the original

complaint failed to state a plausible claim under any of these theories, but allowing the plaintiff

to amend his complaint to cure the deficiencies if he could in good faith do so.  Rec. Doc. 22.

The plaintiff timely filed an amended complaint, adding a new factual allegation relevant to his

age discrimination claim and asserting two new state-law causes of action:  defamation and

intentional infliction of emotional distress.  Rec. Doc. 26.  The defendant filed a motion to

dismiss the amended complaint (Rec. Doc. 27), which the Court granted when the plaintiff failed

to timely file an opposition memorandum.  Rec. Doc. 29.   The Order and Reasons provided that

the plaintiff could move for reconsideration within ten days and that the defendant could move

for attorney fees incurred in connection with opposing any such motion for reconsideration,

since such effort would not have been required had the plaintiff timely filed an opposition.  *Id.*

## II.     LAW AND ANALYSIS:

In his motion for reconsideration, the plaintiff in essence asks the Court to vacate its

order summarily granting the defendant's motion to dismiss and to consider the amended

complaint and the plaintiff's opposition memorandum on the merits.

### A.     Plaintiff's Motion for Reconsideration:

Plaintiff's counsel states that the reason for her failure to timely file an opposition

memorandum was oversight on her part, caused by the unexpected death of a close friend, who

left behind a four-year-old child.  Rec. Doc. 40 at 9 n.21.  Where an omission is due in whole or

part to neglect, the question for the Court is whether the neglect was excusable.  *See In re*

*FEMA Trailer Formaldehyde Prods. Liability Litigation*, 2012 WL 777268 *3-4 (E.D. La. 2012)

(Engelhardt, J.) (setting forth standard on motion for reconsideration based on non-moving party's failure to timely file an opposition memorandum).   This "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* (quoting *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)).   Such circumstances "include ... the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. (quoting *Pioneer*, 507 U.S. at 395).   Here, all of these factors weigh in favor of finding the neglect to be excusable and allowing the plaintiff's arguments to be considered on the merits.   Accordingly, the Court will now turn to the merits of the defendant's motion to dismiss and the plaintiff's opposition thereto.

### B.      Defendant's Motion to Dismiss or Alternatively for Summary Judgment:

In his amended complaint, the plaintiff re-asserts his claims for alleged age discrimination, violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140, and violation of Louisiana's Whistleblower Protection Statute, La. Rev. Stat. § 23:967(A), and he urges two new legal theories under state law:   defamation and intentional infliction of emotional distress.   The defendant seeks to dismiss all five causes of action.

#### 1.      ERISA and Louisiana Whistleblower Claims:

The amended complaint presents no new allegations of fact relevant to the plaintiff's claim under section 510 of ERISA, 29 U.S.C. § 1140, or his claim under the Louisiana Whistleblower Protection Statute, La. Rev. Stat. § 23:967(A).   Therefore, these claims are

dismissed for the same reasons stated in the Court's earlier ruling.  *See* Rec. Doc. 22 at 8-12.

This leaves the age discrimination claim and the two new state-law claims, defamation and

intentional infliction of emotional distress, each of which the Court will address in turn.   The

law applicable to motions to dismiss pursuant to Rule 12(b)(6) is set forth in the Court's earlier

ruling.  Rec. Doc. 22 at 2-3.

### 2.       Age Discrimination:

To make out a claim for discriminatory treatment based on age, the plaintiff must allege

that he:  "1) suffered an adverse employment action; 2) was qualified for the position; 3) was

within the protected class when the adverse action occurred; and, 4) was replaced by someone

younger or outside the protected class, treated less favorably than a similarly situated younger

employee, or otherwise discharged because of his age."[1]   *Maestas v. Apple, Inc*., 2013 WL

5385478 *3 (5th Cir. Sept. 27, 2013) (citing *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196

(5th Cir. 2003)); *Leal v. McHugh,* 731 F.3d 405, 410-411 (5th Cir. 2013).

Regarding the plaintiff's claim for wrongful termination, the plaintiff's factual allegations

now state a facially plausible claim for age discrimination.  Specifically, the plaintiff now alleges

that he was replaced by Colt Tappen, a young man in his late twenties or early thirties.  Rec.

Doc. 26 at 14-15.   The defendant concedes that this fact "is arguably sufficient" to survive

---

[1]  "Because Louisiana's age discrimination statute [La. Rev. Stat. § 23:312] is nearly identical to the federal statute prohibiting age discrimination [the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq*.], Louisiana courts have traditionally used federal case law for guidance." *Montgomery v. C & C Self Enterprises, Inc.,* 62 So.3d 279, 281 (La. Ct. App. 3rd Cir. 2011) (citing *LaBove v. Raftery*, 802 So.2d 566 (La. 2001)).  Thus, the essential elements of the claim are the same. *See LaBove*, 802 So. 2d at 573.

scrutiny under a Rule 12(b)(6) standard, but argues that the allegation is contrary to the actual facts.  Rec. Doc. 27-1 at 5.   On this basis, the defendant urges the Court to convert the motion to dismiss to motion for summary judgment on this issue.   In support, the defendant submits the affidavit of its Human Resources manager, David Koop, who attests that the plaintiff was replaced on June 18, 2013 (six months after the plaintiff was fired) by Steve Ritter, who is 55 years old, a mere two years younger than the plaintiff.   Rec. Doc. 27-3.  He attests that during the six months prior to this assignment, the plaintiff's function as foreman was filled on a temporary and rotating basis by Colt Tappan (age 27) and two other men, aged 54 and 59 (Henry Williams and Greg Wilson).  *Id.*   In response, the plaintiff submits the affidavit of Steve Griffin, an employee at the board plant where the plaintiff worked, who attests that Colt Tappan worked as Board Foreman after the plaintiff was fired and that Williams and Wilson acted only as relief foremen for Tappan on rare occasions.  Rec. Doc. 35-2 at 2.   Griffin attests that Tappan served as Board Foreman up until the time the plaintiff filed suit, at which time he was replaced by Ritter.  *Id.*   Even if the Court were to treat the issue as one under Rule 56, the Court finds that the plaintiff has demonstrated a genuine dispute as to whether he was replaced by Colt Tappan. Thus, plaintiff's age discrimination claim for wrongful termination withstands scrutiny under either Rule 12(b) or Rule 56.   Accordingly, the Court need not decide at this juncture whether a plaintiff can state a plausible claim for age discrimination by alleging that he was replaced by a slightly younger person who is also within the protected class.

In addition to wrongful termination, the plaintiff continues to assert age discrimination based on incidents occurring as far back as 2005.   Although prescription is an affirmative

defense, a Rule 12(b)(6) motion to dismiss may be granted on the basis of prescription if the

untimeliness is apparent from the face of the complaint itself.  *See Songbyrd, Inc. v. Bearsville*

*Records, Inc.*, 104 F .3d 773, 775 n.3 (5th Cir.1997).  The incident occurring in 2005 is plainly

prescribed on its face.   However, it is unclear from the complaint when the other incidents

occurred (*i.e.*, the plaintiff's supervisor (a) undermining plaintiff's authority by taking no action

when the plaintiff reported observing an employee stealing sheet-rock board and (b)

reprimanding and suspending the plaintiff for allegedly yelling at an employee who was

intoxicated at work; whereas no action was taken against the employee who was allegedly

intoxicated and left work without permission, and whereas other employees who engaged in

threatening, aggressive, or hostile behavior on a regular basis were never reprimanded).

Therefore, the issue of whether they are prescribed is more appropriately left to a later motion

for summary judgment, after a fair opportunity for discovery.

### 3.        Intentional Infliction of Emotional Distress:

To recover for the tort of intentional infliction of emotional distress, a Louisiana plaintiff

must establish:  "(1) that the conduct of the defendant was extreme and outrageous; (2) that the

emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to

inflict severe emotional distress or knew that severe emotional distress would be certain or

substantially certain to result from his conduct."  *White v. Monsanto Co.*, 585 So. 2d 1205. 1209

(La. 1991).  "The conduct must be so outrageous in character, and so extreme in degree, as to go

beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in

a civilized community."  *Id.*   "Liability does not extend to mere insults, indignities, threats,

6

annoyances, petty oppressions, or other trivialities." *Id.*   "Conduct which is merely tortuous or

illegal does not rise to the level of being extreme and outrageous." *Nicholas v. Allstate Ins. Co.*,

765 So. 2d 1017, 1025 (La. 2000).   "Although recognizing a cause of action for intentional

infliction of emotional distress in a workplace setting, this state's jurisprudence has limited the

cause of action to cases which involve a pattern of deliberate, repeated harassment over a period

of time." *Id.* at 1026.  "The distress suffered by the employee must be more than a reasonable

person could be expected to endure." *Id.* at 1027.  "Moreover, the employer's conduct must be

intended or calculated to cause severe emotional distress, not just some lesser degree of fright,

humiliation, embarrassment or worry." *Id.*

Arguably one of the alleged incidents does rise to the level of outrageous, and that is the

allegation that members of upper management conspired to and did frame the plaintiff with

allegations of sexual harassment, which they knew to be false.   In the workplace, however, the

tort of intentional infliction of emotional distress is limited to "cases which involve a pattern of

deliberate, repeated harassment over a period of time." *Nicholas*, 765 So. 2d at 1026.  One

incident is not sufficient.   Although the plaintiff complains of other incidents of unfair treatment

preceding this event, none of the earlier conduct constitutes the sort of atrocious conduct for

which liability may attach.  Thus, the defendant's motion will be granted as to this claim.

### 4.     **Defamation:**

"Under Louisiana law a plaintiff must show four elements to prove defamation:  (1) a

false and defamatory statement concerning another; (2) an unprivileged communication to a third

party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury."

Bellard v. Gautreaux, 675 F.3d 454, 464 (5th Cir. 2012) (citing Costello v. Hardy, 864 So. 2d

129, 139 (La. 2004)).   Defamatory words are "words which tend to harm the reputation of

another so as to lower the person in the estimation of the community, to deter others from

associating or dealing with the person, or otherwise expose a person to contempt or ridicule."

Costello, 864 So. 3d at 140.

        The plaintiff alleges that the defendant made certain false statements to the Louisiana

Workforce Commission and to National Gypsum employees, abusing its power to challenge

unemployment benefits, for the purpose of irreparably maligning the plaintiff's character and

career reputation.  Rec. Doc. 26 at 21.  Specifically, the plaintiff alleges that the defendant

falsely asserted that the plaintiff had violated the company's sexual harassment policy.  *Id.*

According to the amended complaint, upper management claimed that the plaintiff had made

comments of a sexual nature regarding Colt Tappan's girlfriend and a female employee,

notwithstanding that another employee had admitted to members of upper management that it

was he (and not the plaintiff) who had made the comments.  *Id.* at 13-14.   The plaintiff alleges

that as a result of these false statements, his reputation has been ruined and he is unable to obtain

new employment.  *Id.* at 21.

        The defendant argues that this claim should be dismissed because an employer's

statements to the Workforce Commission are subject to a qualified privilege.  Rec. Doc. 27-1 at

9.  The defendant is correct that an employer may be entitled to the defense of qualified or

conditional privilege "when making a statement in good faith, on a subject in which the

communicator has an interest or duty, to one having a corresponding interest or duty."  *Hines v.*

*Arkansas Louisiana Gas, Co.*, 613 So. 2d 646, 656 (La. Ct. App. 2nd Cir.), *writ denied*, 617 So.

2d 932 (La. 1993).   "A statement is made in good faith when it is made with reasonable grounds

for believing it to be true." *Wright v. Bennett*, 924 So.2d 178, 188 (La. Ct. App. 1st Cir. 2005).

Here, however, the plaintiff alleges that members of upper management conspired to make false

allegations against the plaintiff, notwithstanding that another employee had confessed to making

the comments in question.  Rec. Doc. 26 at 13-15.  If true, such statements would not qualify as

having been made "in good faith" and would not be subject to a qualified privilege.  Thus, the

Court finds that the plaintiff has properly alleged an unprivileged communication of a

defamatory statement and has made out a plausible claim for defamation.

The defendant also argues that the defamation claim should be dismissed as prescribed

because the one-year prescriptive period has expired and the allegations of the amended

complaint do not "relate back" to the original complaint.   Whether an amendment relates back to

the original complaint if governed by Rule 15(c).  Where, as here, the amendment does not add a

new defendant, the inquiry is simply whether "the amendment asserts a claim or defense that

arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the

original pleading."  Fed. R. Civ. P. 15(c)((1)(B).  In making this determination, "the focus is 'not

... the caption given a particular cause of action, but ... the underlying facts upon which the cause

of action is based.' "  *Johnson v. Crown Enterprises*, 398 F.3d 339, 342 (5th Cir. 2005) (quoting

*Watkins v. Lujan*, 922 F.2d 261, 265 (5th Cir.1991)).  "The purpose of the rule is accomplished if

the initial complaint gives the defendant fair notice that litigation is arising out of a specific

factual situation."  *Id.* (quoting *Longbottom v. Swaby*, 397 F.2d 45, 48 (5th Cir. 1968)).   The

Fifth Circuit has "stressed the importance of a liberal application of Rule 15(c)."  *FDIC v.*

*Bennett*, 898 F.2d 477, 480 (5th Cir. 1990) (citing *Woods Exploration and Prod. Co. v. Aluminum*

*Co. of America*, 438 F.2d 1286 (5th Cir.1971), *cert. denied*, 404 U.S. 1047 (1972)).   "The fact

that an amendment changes the legal theory on which the action initially was brought is of no

consequence if the factual situation upon which the action depends remains the same and has

been brought to defendant's attention by the original pleading."  *Bennett*, 898 F.2d at 480

(quoting 6A WRIGHT, MILLER, KANE, FEDERAL PRACTICE & PROCEDURE § 1497).

      Here, the defamation claim does arise out of the same conduct and occurrences as the

claims asserted in the plaintiff's original complaint.   The original complaint refers expressly to

the administrative hearing before the Louisiana Workforce Commission, wherein "it was

concluded that National Gypsum failed to meet its burden of proof that Mr. Chauvin was

terminated in violation of the company's sexual harassment policy by making unwelcomed

sexual comments to another employee."  Rec. Doc. 1 at 6 of 13, ¶ 30.   Indeed, it appears plain to

the Court that the plaintiff, while acting *pro se,*[2] attempted in his original complaint to assert a

defamation claim, stating:  "Mr. Chauvin avers that National Gypsum defamed his character."

*Id.* at ¶ 29.  Thus, the Court concludes that the defamation claim "relates back" to the original

complaint and is not prescribed.

---

[2]  Although the plaintiff is now represented by counsel, he was *pro se* when he filed the original
complaint.  Rec. Doc. 1.

       **5.**       **Punitive Damages:**

The defendant argues that the plaintiff's claim for punitive damages should be dismissed because he fails to specify the basis for recovering such damages.  Rec. Doc. 27-1 at 11.  The plaintiff argues that he is entitled to punitive damages because the defendant's violations of the plaintiff's rights were knowing and intentional and made with reckless disregard and indifference to the plaintiff's rights.  Rec. Doc. 35 at 10.  Louisiana law does not provide for punitive damages under the circumstances presented here.  Nor are punitive damages available under the ADEA.  *See Dean v. American Security Ins. Co.,* 559 F.2d 1036, 1039 (5th Cir. 1977).   However, where the violation is willful, the ADEA does provide for "liquidated damages" up to the amount of the back pay award.  *Smith v. Berry Co.*, 165 F.3d 390, 395 (5th Cir. 1999) (citing 29 U.S.C. § 626(b), incorporating 29 U.S.C. § 216(b)).   In other words, a plaintiff can recover double damages where the violation is willful.  The plaintiff's complaint fairly asserts a willful violation of the ADEA and thus, such liquidated damages remain an available remedy, provided he can successfully prove a willful violation.

**III.**    **CONCLUSION:**

Based on the foregoing, the Court concludes that the plaintiff has stated a plausible claim for wrongful termination based on age discrimination and for defamation.   His claims for violation of ERISA, for retaliation under the whistleblower statute, and for intentional infliction of emotional distress do not pass muster.    Also, given plaintiff's counsel's compelling reason for missing the opposition deadline, the Court finds that a sanction of attorney fees is unwarranted under the circumstances.    Accordingly;

**IT IS ORDERED** that:

(1)    The plaintiff's Motion for Reconsideration **(Rec. Doc. 32)** is **GRANTED**, and the Court's Order and Reasons of June 13, 2014 **(Rec. Doc. 29)** is hereby **VACATED**;

(2)    Defendant's Rule 12(b)(6) Motion to Dismiss, or in the Alternative, Motion for Summary Judgment **(Rec. Doc. 27)** is hereby **GRANTED IN PART**, in that it granted with respect to plaintiff's claims under ERISA, 29 U.S.C. § 1140, under the Louisiana Whistleblower Protection Statute, La. Rev. Stat. § 23:967(A), for intentional infliction of emotional distress, and for punitive damages, and **DENIED IN PART**, in that it is denied with respect to the plaintiff's claims for age discrimination (including claims for liquidated damages under the ADEA) and for defamation;

(3)    The plaintiff's claims under ERISA, 29 U.S.C. § 1140, under the Louisiana Whistleblower Protection Statute, La. Rev. Stat. § 23:967(A), and for intentional infliction of emotional distress are hereby **DISMISSED**; and

(4)    The defendant's Motion to Assess Defense Costs and Attorney Fees **(Rec. Doc. 38)** is hereby **DENIED**.

New Orleans, Louisiana, this 21st day of July, 2014.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

12